FILED & ENTERED

OCT 17 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Mason     DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>Freight Masters USA<br><br><br><br>Debtor(s). | Case No.: 6:24-bk-16080-SY<br><br>CHAPTER 11<br><br>**ORDER SCHEDULING CHAPTER 11 STATUS CONFERENCE**<br><br>Date:    December 12, 2024<br>Time:    1:30 p.m.<br>Courtroom:    302 |

In order to promote an expeditious and economical resolution of this chapter 11 bankruptcy case by, among other things, establishing realistic deadlines, managing litigation and facilitating settlement where appropriate, encouraging active participation by parties in interest, avoiding unnecessary administrative costs, and moving the case along through confirmation of a plan,

**IT IS HEREBY ORDERED** as follows:

**A.  CHAPTER 11 STATUS CONFERENCE**.

Pursuant to 11 U.S.C. § 105(d), a status conference in this case will be held on **December 12, 2024** at **1:30 p.m.** Courtroom 302, United States Bankruptcy Court, 3420 Twelfth Street,

Riverside, California 92501. Counsel for the Debtor[1] is required to appear in person. Any other

interested party may also appear. Based upon the record in this case and evidence presented at

the status conference, the court may consider and take any of the following actions at the status

conference (or any continued status conference or hearing) without further notice:

1.  Dismiss the case or convert it to another chapter.

2.  Establish deadlines for the filing of claims, requests for payment of administrative

    expenses, or objections to claims.

3.  Set deadlines for filing a disclosure statement, if one is required, and plan.

4.  Establish the scope and format of the notice to be provided regarding the hearing on

    approval of the disclosure statement, if one is required, voting on the plan, and

    hearing to confirm the plan.

5.  Provide that the hearing on approval of the disclosure statement may be combined

    with the hearing on confirmation of the plan.

6.  Set deadlines for voting on the plan and confirmation of the plan.

7.  Set deadlines for compliance with reporting and other chapter 11 debtor in possession

    requirements.

8.  Set deadlines for the assumption, rejection, or assumption and assignment of

    executory contracts and unexpired leases.

9.  Adopt procedures for managing adversary proceedings, contested matters and other

    matters as may promote the progress of the chapter 11 case, including referring

    matters to mediation.

**B.  CHAPTER 11 STATUS REPORT.**

1.      <u>Service of this Order</u>. The Debtor must serve a copy of this order on the following

parties, so that the order is received not later than 21 days before the status conference, and file a

proof of service with the court: (a) the United States Trustee; (b) the subchapter V trustee; (c) the

---

[1] The term "Debtor," as used in this order, refers to the debtor-in-possession or debtors-in-possession in the above-captioned bankruptcy case.

holders of the 20 largest unsecured claims (excluding insiders) (d) all holders of secured claims;

and (e) all parties that have requested special notice in this case.

     2.    Service of Chapter 11 Status Report. At least 14 days before the status

conference, the Debtor must file and serve on the parties identified in the preceding paragraph a

written status report and file a proof of service with the court.

     3.    Contents of Chapter 11 Status Report. The status report must comply with the

"Status Conference Procedures" for Judge Scott H. Yun posted on the court's website,

http://www.cacb.uscourts.gov. The procedures may be found by selecting "Judges," and then

Judge Yun's name under "Our Judges," and then "Instructions/Procedures." In addition, the

status report must include the following information:

     A.    A brief description of the Debtor's business and operations, if any, and the

principal assets and liabilities of the estate.

     B.    Brief answers to the following questions:

     1.  What precipitated the filing of this case?

     2.  What does the Debtor hope to accomplish in this case?

     3.  What are the principal business and financial problems facing the Debtor

        and how does the Debtor intend to address these problems?

     4.  What are the main legal disputes facing the Debtor and likely to be

        encountered during this case, and how does the Debtor recommend that

        these disputes be resolved?

     5.  What is the Debtor's estimate regarding timing for confirmation of a plan?

     6.  Has the Debtor complied with all of its duties under 11 U.S.C. §§ 521 &

        1187 and Fed. R. Bankr. P. 1007, and all applicable guidelines of the

        Office of the United States Trustee?

     7.  Do any parties claim an interest in cash collateral of the Debtor? Is the

        Debtor using cash that any party claims as its cash collateral, and if so, on

1  what date did the Debtor obtain an order authorizing the use of such cash

2  or the consent of the party?

3    C.    The identity of all professionals retained or to be retained by the estate, the

4  dates on which applications for the employment of such professionals were filed or submitted to

5  the United States Trustee, the dates on which orders were entered regarding such applications (if

6  any), a general description of the services to be rendered by each professional, and an estimate

7  of the expected amount of compensation for each professional.

8    D.    In operating cases, evidence regarding projected income, expenses, and

9  cash flow for the first six months of the case and a comparison to actual results for the 12 months

10  preceding the filing of the case.

11

12    E.    Proposed deadlines for the filing of claims and objections to claims.

13    F.    A discussion of the unexpired leases and executory contracts to which the

14  Debtor is a party, and the Debtor's intentions and a proposed timetable for addressing such leases

15  and contracts.

16    G.    Whether the Debtor anticipates the sale of any estate assets by motion or

17  in connection with a plan.

18    H.    A proposed deadline for the filing of a disclosure statement, if one is

19  required, and plan.

20    4.    Sanctions for Failure to Comply. Failure to comply with this order may result in

21  sanctions including monetary sanctions, dismissal, conversion, or the removal of the Debtor as a

22  debtor-in-possession.

23    ###

24
     Date: October 17, 2024

25    Scott H. Yun
     United States Bankruptcy Judge

26

27

28